UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NORTH PARK HEATING COMPANY, INC.,<br><br>　　　　Defendant. | NO.  C12-663-JPD<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

I.　　INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on plaintiffs' unopposed motion for summary judgment. Dkt. 15. Plaintiffs ask the Court to conclude that no genuine issue of material fact exists and award them outstanding employee benefit contributions, liquidated damages, pre- and post-judgment interest, attorney's fees, and costs. For the reasons discussed below, the Court ORDERS that plaintiff's motion, Dkt. 15, is GRANTED.

II.　　BACKGROUND

Plaintiffs are various labor-management pension trust funds created pursuant to section 302(c) of ERISA. *See* Dkt. 16 at ¶ 2 (Hutzenbiler Decl.).[1] Plaintiffs filed the instant suit

---

[1] Plaintiff Northwest Sheet Metal Workers Welfare Fund (the "Welfare Trust") acts as the collection agent for contributions due to the Northwest Sheet Metal Workers Pension Fund, Supplemental Pension Trust,

ORDER - 1

against defendant North Park Heating Company, Inc., seeking to collect delinquent trust fund contributions, pre- and post-judgment interest, liquidated damages, reasonable attorney's fees, and costs.  Dkt. 1.  The parties have consented to this matter proceeding before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Dkt. 12 at 3.

In support of their motion for summary judgment, plaintiffs present the Court with the remittance documents they received from defendant on June 20, 2012, showing the amount of hours the defendant owes contributions for during the months of September 2010 through April 2012.  Dkt. 16, Ex. J.  Based upon these remittance reports, defendants have provided "Excel spread sheets for the months of September 2010 through April 2012 respectively, showing the amount owed by Defendant to each fund listed based off of the answers provided by Defendant . . . These sheets show the amounts due in contributions to each of the funds or in wages withheld, and the liquidated damages calculations and interest for each of those months."  Dkt. 16 at ¶ 20 (Hutzenbiler Decl.); Dkt. 16, Exs. K-CC.  Specifically, the Excel spreadsheets show that defendant owed plaintiffs a total of $327,351.86 in outstanding contributions, $62,150.89 in liquidated damages, and $47,171.98 in interest.  Dkt. 16 at ¶ 20 (Hutzenbiler Decl.).

Plaintiffs also provide the Court with a copy of the collective bargaining agreement by which defendant agreed to be bound by several trust agreements with plaintiffs, and each of the plaintiff trusts' agreements with defendant.  *See id*., Exs. A-I.  Pursuant to these trust agreements, plaintiffs request (1) liquidated damages at 20% of all delinquent contributions to the Welfare, Pension, Supplemental Pension, Training and Cooperation Trusts, (2) liquidated damages at 15% of the delinquent contributions to the Organizational Trust and Industry Fund, (3) liquidated damages at 15% of all wages withheld from the Local Union, (4) pre-judgment interest at 12% per annum for all delinquent contributions/withheld wages to all the funds,

---

Training Trust, Organizational Trust, Labor Management Cooperation Trust, and Industry Fund.  In addition, the Welfare Trust acts as the collection agent for wages withheld from employees' after tax wages to be submitted to the Sheet Metal Workers, Local 66.  *See* Dkt. 16 at ¶ 2 (Hutzenbiler Decl.).

ORDER - 2

(5) post-judgment interest at the statutory rate, and (6) reasonable attorneys fees and costs. *See id.*, Exs. D-I.

### III.  DISCUSSION

The Court may enter judgment as a matter of law only if it is satisfied that there is no genuine issue of material fact to preclude judgment as a matter of law. Fed. R. Civ. P. 56(c). As the moving party, plaintiffs bear the initial burden of informing the Court of the basis for summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). They must prove each and every element of its claims or defenses such that no reasonable jury could find otherwise. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In doing so, they are entitled to rely on nothing more than the pleading themselves. *Celotex*, 477 U.S. at 322–24. Only if plaintiffs make that initial showing does the burden shift to defendant to show by affidavits, depositions, answers to interrogatories, admissions, or other evidence that summary judgment is not warranted because a genuine issue of material fact exists. *Id.* at 324.

Notably, only those factual disputes whose resolution would affect the outcome of the suit are material. *Anderson,* 477 U.S. at 248. A genuine issue exists only if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. *Id.* at 249. "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50. In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.,* 530 U.S. 133, 150 (2000).

Turning to the facts of the present case, the Court finds that there is no genuine issue of material fact. Defendant has not opposed plaintiffs' motion. Accordingly, pursuant to Local Civil Rule 7(b)(2), the Court presumes that defendant concedes that the plaintiffs' motion has merit. Moreover, defendant has not introduced any evidence in this case. Thus, as a practical

matter, the Court is left only with plaintiffs' evidence, which clearly demonstrates entitlement to relief.

Both the provided trust agreements with defendant and defendant's own remittance reports demonstrate that defendant was obligated to pay plaintiffs contributions and dues. *See* Dkt. 16, Exs. A-J. Moreover, plaintiffs have provided spreadsheets, based on defendant's own remittance reports, demonstrating exactly how much money was owed under that obligation: $327,351.86 in trust contributions and withheld wages. *See id.*, Exs. J-CC. Accordingly, the Court awards plaintiffs the requested contributions and withheld wages. In addition, the trust agreements in this case provide that plaintiffs are entitled to pre-judgment interest in an amount of 12% per annum, either a 15% or 20% liquidated damages charge on all delinquent contributions, as well as reasonable attorneys fees and costs. Dkt. 16, Exs. D-I. ERISA requires this Court to award plaintiffs these amounts. *See* 29 U.S.C.A. § 1132(g)(2).

Finally, the Court notes that plaintiffs are properly seeking post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961(a) (post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court."). Specifically, post-judgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *Id*. In his declaration, dated November 2, 2012, Mr. Hutzenbiler represented that "as of today" the current post-judgment interest rate was .19%. Dkt. 16 at ¶ 21 (Hutzenbiler Decl.). However, for the calendar week ending on November 30, 2012, the applicable post-judgment interest rate was .18%. Thus, plaintiffs shall also be awarded post-judgment interest at the statutory rate of .18% for all dates following this Court's judgment, until the date the delinquent contributions and withheld wages are paid in full.

ORDER - 4

## IV.   CONCLUSION

Accordingly, the Court, after careful consideration of plaintiffs' motion for summary judgment, Dkt. 15, all supporting documents, and the balance of the record, does hereby find and ORDER:

(1) Plaintiffs' motion for summary judgment, Dkt. 15, is GRANTED.

(2) For the employment periods of September 2010 through April 2012, judgment is awarded in favor of the plaintiffs and against defendant North Park Heating Company, Inc., in the following amounts:

- (A) $327,351.86 for outstanding contributions and withheld wages;
- (B) $62,150.89 for liquidated damages;
- (C) $47,171.98 for pre-judgment interest through November 1, 2012 (interest will continue to accrue at the agreed upon rate of 12% until the date of judgment, and thereafter at the statutory interest rate of .18% from the week preceding judgment as set forth in 28 U.S.C. § 1961 until all contributions have been paid in full);
- (D) $3,940.00 in attorney's fees; and
- (E) $480.00 in costs.

(3) The Clerk of the Court is directed to send copies of this Order to all parties.

DATED this 10th day of December, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge